UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06051-AYP Date: October 23, 2026

Title Diery Berniece Ruiz Sandoval et al v. Markwayne Mullin et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)**

On October 14, 2026, Diery Berniece Ruiz Sandoval (A#219-708-610) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement ("ICE") Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1). Petitioner seeks immediate release, asserting that Respondents violated the Due Process Clause of the Fifth Amendment by revoking her liberty without notice and without an opportunity to be heard as to whether she poses a danger or a flight risk.

On October 14, 2026, Petitioner consented to proceed before a Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 3.) On October 14, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 5.) To date, Respondents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06051-AYP Date: October 23, 2026

Title Diery Berniece Ruiz Sandoval et al v. Markwayne Mullin et al

have not filed an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Court ORDERS that the Petition be GRANTED, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re detention absent adequate pre deprivation notice and an individualized hearing.

Petitioner is a native and citizen of Mexico. (Pet. at ¶66.) Petitioner represents that she was born in 2002 and entered the United States when she was approximately four years of age. *Id.* Petitioner contends that she has resided in California since such time and obtained an associate's degree from Long Beach City College in 2022. (Pet. at ¶67.) Petitioner asserts that during her time of residence in the United States she has developed familial relationships and substantial ties to the community. (Pet. at ¶69.)

Petitioner asserts that she obtained Deferred Action for Childhood Arrivals ("DACA") protection and received an approval notice establishing a deferred-action period from June 25, 2025, through June 24, 2027, unless terminated. (Pet. at ¶70.) Petitioner further contends that the DACA grant authorized a period of deferred action during which Petitioner continued to live, work, and establish her affairs in the United States. (Pet. at ¶74.) Petitioner also represents that the available record does not establish that U.S. Citizenship and Immigration Services ("USCIS") formally terminated Petitioner's DACA before June 8, 2026. (Pet. at ¶75.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06051-AYP Date: October 23, 2026

Title Diery Berniece Ruiz Sandoval et al v. Markwayne Mullin et al

Petitioner represents that she was cited for misdemeanor violation of California Penal Code section 242 in 2025. (Pet. at ¶77.) Petitioner contends that she completed all the required conditions of pre-conviction diversion, and the matter was dismissed in its entirety. (Pet. at ¶¶78-79.) In a prior habeas action before this Court, Respondents represented that on June 2, 2026, Petitioner was arrested for felony assault on a custodial officer under California Penal Code § 241.1. (Pet. at ¶84.)

Petitioner asserts that on June 8, 2026, she was taken into ICE custody upon her release from Burbank City Jail. (Pet. at ¶84.) On September 25, 2026, this Court granted her federal habeas relief on the basis of her June 8, 2026 detention, and ordered Respondents either to release her or provide an individualized bond hearing under 8 U.S.C. § 1226(a). *Ruiz Sandoval v. Mulli*n, No. 5:26-cv-03859-AYP, Dkt. 12 (C.D. Cal. Sept. 25, 2026). (Pet. at ¶2.) In Petitioner's prior habeas action (the "Prior Petition"), Petitioner asserted that Respondents violated the Due Process Clause of the Fifth Amendment by applying 8 U.S.C. § 1225(b)(2) to bar Petitioner from receiving a bond hearing before an immigration judge. (Pet. at ¶91.) In the Prior Petition, Respondents concede that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). (Pet. at ¶92.) Petitioner represents that Respondents provided a custody hearing pursuant to the relief awarded in the Prior Petition and that the Immigration Judge denied release on the ground that Petitioner presents a flight risk. (Pet. at ¶3.)

Petitioner argues that the Petition before this Court presents different claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06051-AYP Date: October 23, 2026

Title Diery Berniece Ruiz Sandoval et al v. Markwayne Mullin et al

from those in the Prior Petition. (Pet. at ¶3.)

Petitioner has a protected due process interest in being released, as she has lived in this country for nearly twenty (20) years and was awarded DACA status. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06051-AYP Date: October 23, 2026

Title Diery Berniece Ruiz Sandoval et al v. Markwayne Mullin et al

Petitioner is entitled to relief on her procedural due process claim, and immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Petitioner Diery Berniece Ruiz Sandoval's (A#219-708-610) immediate release and restoration of liberty to the conditions existing prior to June 8, 2026.

**Respondents** shall return to Petitioner any of Petitioner's personal belongings that were seized from her, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to her current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp